[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12013
_____

D.C. Docket No. 8:08-cv-02083-AEP

DEVONSHIRE PARK, LLC,
a Florida limited liability company,

Plaintiff - Counter Defendant -
Appellant,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for First Priority Bank,

Defendant - Counter Claimant -
Cross Defendant - Appellee,

MARVIN I. KAPLAN,

Defendant - Counter Defendant -
Appellant,

BANK OF THE OZARKS
a.k.a. Horizon Bank,

Cross Claimant - Intervenor.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 16, 2015)

Before ED CARNES, Chief Judge, COX and GILMAN,[*] Circuit Judges.

PER CURIAM:

This is an appeal from the district court's entry of a $9,921,249.52 deficiency judgment against Devonshire Park, LLC ("Devonshire"), and a money judgment against Marvin Kaplan ("Kaplan") as guarantor of Devonshire's debt.

The FDIC caused the property in question to be sold at a foreclosure sale.[1] The district court, in a bench trial, determined the value of the property at the time of sale to be $1,170,000. It then entered a deficiency judgment for the difference between the total amount owed and the value of the property (with some adjustments for costs and other expenses).

Devonshire and Kaplan raise two contentions on this appeal. First, they contend that the district court erred in entering the deficiency judgment because the FDIC failed to present competent and substantial evidence of the property's value at the time of sale. Second, they contend that the district court did not properly

_____

[*] Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

[1] The district court determined in a prior proceeding that Devonshire had defaulted under the relevant loan agreement. This is not before us in this appeal.

2

consider equitable factors that would counsel in favor of reducing or eliminating the deficiency.  We affirm.

We review the grant or denial of a deficiency judgment for abuse of discretion. *FDIC v. Morley*, 915 F.2d 1517, 1523–24 (11th Cir. 1990).  The parties agree that Florida law applies.

We have reviewed the testimony of the FDIC's expert witness and the other evidence in the record.  We note that Devonshire and Kaplan chose not to present contrary evidence as to the property's value, but merely attempted to discredit the FDIC's evidence and argue that the FDIC had failed to meet its burden.  We find that the district court did not abuse its discretion in determining that the FDIC had presented competent and substantial evidence of the property's value.

Turning to the district court's consideration of the equitable factors, Devonshire and Kaplan contend that the district court abused its discretion by misinterpreting Florida law.  Specifically, they contend that the district court impermissibly concluded that it could not consider Devonshire's good faith as an equitable factor.

We disagree with Devonshire and Kaplan's understanding of the record below.  The district court considered Devonshire's good faith, but concluded that the cases cited by the parties did not merit reducing or eliminating the deficiency. (District Ct. Order, Doc. 228 at 9).  Devonshire and Kaplan cite no Florida case

3

where the good faith of the debtor merited reducing or eliminating a deficiency. The district court did not abuse its discretion by failing to reduce or eliminate the deficiency in light of Devonshire's good faith.

For the foregoing reasons, the district court's judgment is affirmed.

AFFIRMED.